## JOHN D. MUNSON *vs.* EDMUND E. MALLORY.

A highway surveyor may make such reasonable changes in a road-bed within the limits of the highway, by widening it or altering its location, as in his judgment the interests of the public require, without being liable in damages to the adjoining proprietors.

Where a highway surveyor widened a road-bed ten feet, upon his own judgment as to the necessity of such an improvement, it was held that the court could not as a matter of law regard the act as a wrong to an adjoining proprietor.

Where a highway surveyor agreed to pay a person living on the road a certain sum for repairing it, and the person employed told the surveyor at the time that he should widen the road-bed at the point in question, and the surveyor assented to its being done, it was held that the act of the person widening the road was to be regarded as the act of the surveyor.

In an action of trespass by an adjoining proprietor for an injury done to the soil of a highway in front of his land the defendant under the general issue may give in evidence an authority from the highway surveyor to do the act complained of.

In an ordinary case of trespass to land a mere entry constitutes a trespass and a justification must be set up by a special plea or in a notice under the general issue; but in the case of trespass, brought for an injury to land belonging to a highway such entry is not of itself a trespass, and it is incumbent on the plaintiff to prove as a part of his case special wrongful acts of the defendant, and the general issue sufficiently denies the unlawful character of such acts.

WRIT OF ERROR brought to the Superior Court in New Haven county to reverse the judgment of a justice of the

peace in an action of trespass *qu. cl. fr.* brought by the defendant in error against the plaintiff in error.

The trespass was charged in the declaration to have been committed upon land of the plaintiff which was " partly covered by a part of the highway." The defendant before the justice pleaded the general issue with the following notice :—
" The plaintiff will take notice that the defendant will offer in evidence and prove on the trial if the same shall become necessary, that all the digging up, treading down, and carrying away of the grass, stones and sod, in the plaintiff's declaration mentioned, and all the acts therein charged which the plaintiff shall prove to have been done by the defendant, were done by the defendant in the public highway adjoining the plaintiff's land, for the purpose of repairing and improving the highway, as the defendant lawfully might, and that he did no unnecessary damage in so doing."

The justice rendered judgment for the plaintiff and the defendant filed the following bill of exceptions, which was allowed by the justice.

Be it remembered that on the trial of this case upon the general issue with notice as on file, it was admitted and is found, that the several acts of the defendant for which the plaintiff sought to recover were committed by the defendant in the public highway ; that the center of the highway at the place in question was the dividing line between the towns of Oxford and Southbury ; that an arrangement at the time existed, and for a long time previous thereto had existed, between the towns of Oxford and Southbury for the support of said highway, and that the town of Southbury supported the easterly end of the highway, and the town of Oxford the westerly end ; that the selectmen of the town of South. bury had contracted with the defendant to repair and maintain the easterly end of the highway, and that the westerly end of the highway was under the control of the town of Oxford, and subject to be repaired by the highway surveyor for the school district in which the road was located.

The plaintiff claimed and offered evidence to prove that the defendant had entered upon the part of the highway

under the control of the town of Oxford, and had plowed on the side of the highway towards the plaintiff's farm, and had widened the traveled track about ten feet; that the road-bed before was about one rod wide, and that after the plowing and digging of the defendant it was about one rod and ten feet wide; and that all of the acts for which the plaintiff claimed to recover were done on the 20th day of October, 1866. The plaintiff also claimed that the defendant had plowed and worked the highway nearer the land and fence of the plaintiff, who owned on the south side of the highway, than he had on the north side where the defendant owned the land. The court found that the old road-bed had been widened on the side of the road toward the plaintiff's land, but not so as to come nearer than within eight feet of the plaintiff's fence.

It was claimed by the defendant, and not denied by the plaintiff, that all the acts of the defendant for which the plaintiff sought to recover, were done by him in repairing and widening the road, and the defendant on the trial asked a witness introduced on behalf of the plaintiff the following question :—" Did not the work done there by the defendant make the road better ?" to which the plaintiff objected on the ground that it made no difference whether the acts of the defendant improved the road or not, and the court excluded the question. The defendant also asked another witness the following question :—" Was the work on the road done by the defendant for the purpose of widening the road ?" to which question the plaintiff objected on the ground that it was of no importance for what purpose the work was done, and the court excluded the inquiry. The defendant asked the plaintiff, when on the stand as a witness, the following question : " Has the defendant made a good piece of road there ?" to which the plaintiff's counsel objected, except for the purpose of mitigating damages, and the court admitted the question and answer for that purpose and no other. The defendant further asked the plaintiff, on cross examination, pertaining to driving through a brook at the end of the bridge where the road was widened, the following question :—" Would it not be an im-

provement if the public could drive through the brook to water ?" to which the plaintiff's counsel objected, but the court admitted the question. The court permitted the defendant to show in mitigation of damages that the several acts were done for the purpose of widening and repairing the highway, but for no other purpose than a mitigation of damages.

The defendant claimed, and offered evidence to prove, and it was not denied by the plaintiff, that all the acts charged were done on the highway and while working the same ; that George Stoddard, of the town of Oxford, a resident of the highway district in which the road lies, was on the first Monday of October, 1865, duly appointed highway surveyor for the district, for the year ensuing, and that he accepted the office and entered upon the performance of its duties ; that before the first day of October, 1866, Stoddard hired the defendant to work the piece of highway where the several acts complained of were done, as connecting with a longer piece of way in said Oxford, and that by a vote of the town of Oxford on the first Monday of October, 1866, he had until the 20th day of October to collect the highway taxes in the district, and lay out the same on the road ; and that he agreed to pay the defendant $4·to repair the road, and that the defendant told him, when he agreed to make the repairs, that he should widen the road at the point in question, and that Stoddard as surveyor assented thereto. No evidence was offered to show that the widening of the road was not an improvement of the same.

The defendant claimed that, as all the acts were done within the limits of the highway while repairing the same, trespass would not lie. Also that, if the court should find that the acts were done under a contract with Stoddard, acting as surveyor of the town, he was fully justified.

The plaintiff claimed that the defendant could not justify under Stoddard as surveyor, on the ground that the notice filed did not sufficiently apprise him of that defence.

The court found that Stoddard as highway surveyor assented to the defendant's proposed widening of the road, but gave no definite or specific instruction with reference to the same.

The court further held that a highway surveyor had power to repair a road, but had not power to widen the same, so as to shift the traveled track of a road nearer the land of one party than the land of the other, and that the defendant had no power while repairing the road to widen the same, either with or without the assent of the surveyor. The court also found that the widening of the road was more for the advantage of the defendant than of the public and that it was an improvement for the defendant's use in front of his house. The justice rendered judgment for the plaintiff for $5 damages and his costs.

The Superior Court (*Sanford, J.,*) reversed the judgment of the justice, and the defendant in error, (the original plaintiff,) brought the record before this court by a motion in error. The errors assigned are sufficiently stated in the plaintiff's brief.

*H. B. Munson* and *H. Stoddard,* for the plaintiff.

1. The evidence rejected by the justice, and the rulings complained of, are all without the legal issue, and are therefore immaterial, whether erroneous or not. 1st. The notice does not pretend to set up any reason or excuse for *breaking and entering* our lines, which is the gist of the action. 2d. It alleges that the acts were not done on our land (within our lines as we have alleged,) but outside, viz. " in the highway adjoining our land." This amounts simply to the general issue. 3d. The notice is wholly insufficient in substance. It simply sets up that as an individual he did the acts complained of in repairing the highway. An individual as an individual cannot repair a highway. Reparation of highways is a public trust devolved by statute upon public bodies, and cannot be exercised by private persons. Angell on Highways, § 304; *Hunt* v. *Rich,* 38 Maine, 195; *Ruggles* v. *Lesure,* 24 Pick., 187; *Hollenbeck* v. *Rowley,* 8 Allen, 473.

2. The defendant cannot justify under Stoddard as highway surveyor. The notice contains no statement of such an intention. The notice must set out the true ground and substance of the defence. Gen. Statutes, tit. 1, sec. 107;

*Holton* v. *Button*, 4 Conn., 437 ; *Hoxie* v. *Home Insurance Co.*, 32 Conn., 39. A notice to be sufficient must contain the same facts as would render a plea good on general demurrer. That is, it must contain all the facts necessary to constitute a defence. *Brickett* v. *Davis*, 21 Pick., 44 ; *Shepard* v. *Merrill*, 13 Johns., 475 ; *Hunt* v. *Rich*, 38 Maine, 195. But the notice as it stands would be clearly demurrable as a plea ; it does not contain facts enough to constitute a defence to the action.

3.   But supposing the notice to be sufficient, and that he can justify under Stoddard as surveyor without any notice, yet the contract proved does not extend to and include the *widening* of the way, it includes the *repairing* only. And even if the contract fairly includes the *widening*, the highway surveyor cannot *widen* a road, he can only repair. *Todd* v. *Inhabitants of Rowley*, 8 Allen, 58.

4.   The office of highway surveyor is obsolete in this state, and he has no implied authority of any kind. The selectmen are the general agents of the town to repair highways. *McGowan* v. *Town of Windham*, 25 Conn., 90 ; Gen. Statutes, tit. 7, sec. 23 ; tit. 31, secs. 12-19.

5.   A highway surveyor being a special agent, with special limited power, for a specified purpose, conferred upon him because of his peculiar fitness for that special purpose, cannot delegate that authority to any one. Angell & Ames on Corp., § 277.

6.   Stoddard's power as highway surveyor by virtue of his office was gone on the 1st of October, and the special authority extended to him expired on the 19th. It does not include the 20th. And this special authority, not authorized by any statute, cannot be delegated.

7.   The evidence excluded by the justice was irrelevant and immaterial, and his rulings in relation to the powers of highway surveyors was correct. *Todd* v. *Inhabitants of Rowley*, 8 Allen, 58.

*Wooster* and *Torrance*, for the defendant.

1.   Surveyors of highways have in general the same powers

over highways as towns themselves. They are the agents of the town for this purpose, and their powers and duties are well defined. Until the year 1821 towns could exercise their powers over highways only through surveyors. Since that time towns may act through highway surveyors or not, as they see fit. The powers and duties of highway surveyors are not now defined by statute, but the changes introduced in the Revision of 1821 did not change the character of the office of surveyor, nor materially alter the nature or extent of the powers and duties of that office as defined and settled by nearly two centuries of legislation and practice. They have full power and authority, each in his district, to make, maintain, and keep in repair, all the highways within such district, subject only to the control of the town, and have full power and authority to act in the duties of their office without particular direction from the towns appointing them. *Noyes* v. *Ward*, 19 Conn., 250.

2.    The defendant as an individual and one of the public had the right to repair this road in a proper manner, and the plaintiff could maintain no action against him therefor. The right to repair is part of the public easement, and no right of the plaintiff was infringed by the exercise of what the public had a right to do. *Hubbard* v. *Deming*, 21 Conn., 360; *Robbins* v. *Borman*, 1 Pick., 122; Angell on Highways, § 207 *et seq.*    Any inconvenience or damage which any person may suffer by the proper and reasonable repairs of a highway, is *damnum absque injuria,* and no action lies therefor. *Benedict* v. *Goit*, 3 Barb., 459.    For these acts, done as an individual, the defendant was liable, if at all, only to the town.

3.    The judgment of the justice ought to be reversed for excluding testimony, as set forth in the bill of exceptions. 1st.    Evidence is admissible if it tend in any degree to prove the facts in issue or constitutes a link in the chain of proof. *Belden* v. *Lamb*, 17 Conn., 441.    The evidence excluded did tend to prove the facts in issue and the rulings of the justice excluding it were clearly erroneous.    2d.    No notice of the defence which the defendant made was necessary under the general issue.    It was a part of the plaintiff's case to prove

that the defendant had done wrongful and unlawful acts, as otherwise there could be no liability, and consequently a general denial put the lawful or unlawful character of the acts in issue.

CARPENTER, J.   The original action was an action of trespass *quare clausum fregit.*   The *locus in quo* was a highway. The act complained of as a trespass was committed in repairing and widening the traveled path of the highway. The plaintiff was an adjoining proprietor, and the defendant was acting under the authority of a highway surveyor.   The magistrate rendered judgment in favor of the plaintiff.   The defendant filed exceptions, and upon a writ of error the Superior Court reversed the judgment of the magistrate. The plaintiff, by a motion in error, brings the record before this court, and asks that the judgment of the Superior Court may be reversed.

The plaintiff claims that it was not competent for the defendant, under his notice, to prove that he did the acts complained of under the authority of the highway surveyor. This may be so ; but whether so or not is quite immaterial, provided the defendant had a right to prove the same facts under the general issue.   We think it was competent for him to do so.   In an action of trespass to land inclosed in the ordinary way, or unincumbered by a highway, the plaintiff needs only to prove in the first instance a breaking and entering.   That is *primâ facie* a trespass.   If the defendant would justify under a license from the owner, or under authority of law, he must, by plea or notice, apprise the plaintiff of the facts which he relies upon as a justification. But where the *locus in quo* is a highway, it is incumbent upon the plaintiff to prove something more than a mere entry.   He must in the first instance prove such facts and circumstances as show that the act was unlawful ; or, if lawful, that it was done in an improper manner.   Proof thus offered may be met and repelled by the defendant.   Hence it follows that the character and nature of the act, with the attending circumstances, are necessarily involved in the inquiry under the general issue.

It sufficiently appears from the bill of exceptions that the defendant was authorized by the surveyor to widen the traveled part of the highway. He was the servant of the surveyor, and his proposition to do so was assented to by him. The act of the defendant then, in this respect, may be treated as the act of the surveyor. That presents the question whether the surveyor had any lawful right to widen the traveled path. The justice held that he had not; and thereby excluded all inquiry as to the reasonableness or propriety of the alteration made. We cannot sanction this ruling. We do not intend to intimate that a surveyor may not exceed his authority; nor, in such a case, that he would not be liable to an adjoining proprietor who had thereby sustained an injury. But from what we know of this case we cannot say, as matter of law, that the surveyor had no right to add ten feet to the road-bed at the place in question. He may not, of his own motion, take land not already condemned to the purposes of a highway; nor may he, as between himself and the town, incur an unreasonable and unnecessary expense in changing the line of travel within the limits of the highway; but it is too much to say that every slight and inexpensive change of the line of travel is unauthorized by law, and subjects the surveyor to damages at the suit of the adjoining proprietor. On the contrary we think he may very properly make such changes wherever in his judgment the interests of the public require it. This view of the law is not in conflict with any of the authorities cited. The strongest case referred to, and the one on which the plaintiff chiefly relies, is that of *Todd* v. *Inhabitants of Rowley*, 8 Allen, 56. That was a suit brought by the surveyor against the town to recover damages for injuries sustained by reason of a defective way. It appeared that the surveyor had received a given sum of money to expend in repairing the highways within his district. He expended it in widening the graded part of a highway near his own house, and to some extent in changing the line of travel to a part of the located way where it had not before gone, the defendants contending that it amounted to making a new way altogether. Other highways within his district,

including the one where the accident happened, were left in a defective condition. The court held that he had no authority to expend any portion of the money committed to him for the repair of highways, in changing the line of travel and constructing a new road; and having done so he could not recover for an injury sustained by reason of a defect which he might have repaired by a proper application of the funds. Thus it will be seen that this case had no reference to the rights of adjoining proprietors; and even as between the surveyor and the town it falls far short of establishing the doctrine that the line of travel may not be changed, when such change results from reasonable and proper repairs of existing ways. The ruling of the justice that a surveyor had "no power to widen a road, so as to shift the traveled track of a road nearer the land of one party than the land of the other," was erroneous, and his judgment was properly reversed by the Superior Court.

In respect to the liability of surveyors and other officers for acts done within the scope of their authority, the rule is very clearly stated in *Radcliff's Executors* v. *Mayor &c. of Brooklyn*, 4 N. York, 195. Bronson, Ch. J., says in that case, "An act done under lawful authority, if done in a proper manner, can never subject the party to an action, whatever consequences may follow." The whole question is there thoroughly considered and ably discussed, and the rule, as above stated, is abundantly sustained by the numerous authorities cited. "This doctrine," he adds, "has often been asserted, and has never been denied in any well considered judgment." The case before us then involves a two-fold inquiry:—1. Did the defendant act under and within the scope of lawful authority? 2. Was the act done in a proper manner? If both of these questions are answered in the affirmative, no liability attaches to the defendant, whatever may have been the consequences to the plaintiff.

From what has been said it will be perceived that the questions put to witnesses, relative to the object and purpose of the defendant's work and its effect, whether resulting in improving the condition of the way or otherwise, were perti-

nent to the issue, and answers thereto should have been received, not merely in mitigation of damages, but as tending to prove a complete defense.

For these reasons the judgment of the Superior Court was right, and ought not to be disturbed.

In this opinion the other judges concurred.