JOHN E. ALEXANDER, JR., *vs.* R. A. SHERMAN'S SONS COMPANY.

Second Judicial District, Norwich, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Under a denial of the plaintiff's allegation that he was injured by the negligence of the defendant's servants in setting off a blast, evidence tending to show that the workmen who set off the blast were employed by an independent contractor to whom the defendant had sublet the work, is admissible as tending to disprove the allegation.

One who contracts to do a certain piece of work according to his own methods and without subjection to the control of his employer, is, while so engaged, an independent contractor.

Alexander *v.* Sherman's Sons Co.

The difference between an independent contractor and a servant or agent, depends upon the right of the employer or owner to control the method of doing the work, and not upon his actual interference therein.

Neglect to explain this distinction to the jury is not error, however, where the issue is merely whether the person performing certain work was an independent contractor for that work, and no claim is made that, if he was, there had been such interference with the work by the employer or owner as to change their relations.

A charge to the jury which is adapted to the facts and claims in the case before them is all that is necessary.

One who employs an independent contractor to do a certain work is not liable, as a general rule, for injuries resulting from its performance. But he does render himself liable where the work required of the contractor will, in its ordinary and reasonable execution, necessarily or obviously expose others to probable injury; and this liability is based, not on the theory of negligent performance of the work by the independent contractor or his workmen, but upon the principle that the employer or owner has caused something to be done which he knows, or ought to know, will cause, or will probably cause, the injury which ensues.

In the present case the jury were instructed that the operation of blasting with dynamite was intrinsically dangerous, and that it was a question for them whether, under all the evidence in the case, the work contracted to be done, in its nature and reasonable execution, called for the use of such an intrinsically dangerous agency and means as would obviously expose the plaintiff to probable injury. *Held* that this instruction and its context afforded the plaintiff no just cause for complaint.

The court charged that if the independent contractor—who was employed to excavate for and to build the foundation of a mill addition—did not use such care as it, the defendant, had a right to expect, and that in consequence thereof, and not in the due and natural performance of the contract, the injury occurred, the defendant would not be liable. *Held* that this was proper, and, in view of the previous instruction, was not susceptible to the criticism placed upon it by the plaintiff, viz: that it gave the jury to understand that although the defendant would be liable if the contract had been duly performed, it would not be liable if the contract was negligently executed.

A request to charge for which the pleadings furnish no foundation, may properly be refused.

In the present case the plaintiff based his right of action upon the alleged negligence of the defendant in blasting rocks upon its own land without sufficiently covering them, and in omitting to give due warning of the explosion. *Held* that under these circumstances

the pleadings furnished no ground for a recovery upon the theory of a liability upon the part of the defendant irrespective of its negligence.

Argued October 15th—decided December 19th, 1912.

ACTION to recover damages for personal injuries alleged to have been caused by the negligent conduct of the defendant, brought to the Superior Court in New London County and tried to the jury before *Shumway, J.;* verdict and judgment for the defendant, and appeal by the plaintiff from the refusal of the trial court to set aside the verdict as against ·the evidence, and also for alleged errors in the rulings and charge of the court. *No error.*

*Charles Hadlai Hull* and *Herbert W. Rathbun,* for the appellant (plaintiff).

*Harry B. Agard* and *Christopher L. Avery,* for the appellee (defendant).

THAYER, J. The plaintiff sues to recover for the loss of one of his eyes which, as he claims, was destroyed by a piece of stone thrown from a blast which was negligently set off by the defendant's servants. His complaint alleges, in substance, that at the time of his injury the defendant was engaged in constructing, upon land of the Stonington Building Company of Stonington, an addition to the mill of the American Velvet Company; that while so engaged and while preparing the foundation for such addition, in blasting out rocks and stones therein by the use of dynamite, gunpowder and other explosives, it was engaged in a dangerous operation, one that was intrinsically dangerous, and which by its nature exposed others to unusual peril, and that by its servants and employees it negligently and carelessly exploded a charge of dynamite or gunpowder or other high explosive, without giving

any sufficient warning to the plaintiff, who was then about two hundred feet away, at play in an adjoining lot, and carelessly and negligently failed to protect, blanket, or cover one of the rocks or boulders so blasted, so that pieces of rock or stone therefrom were thrown in several directions, and one of them struck the plaintiff and inflicted the injury complained of, while he was in the exercise of due care.

All of these allegations were denied, or, for want of information, left for the plaintiff to prove. No question appears to have been raised upon the trial as to the fact that the plaintiff was injured by a piece of rock thrown from a blast discharged in the operation of excavating for the foundation in question, nor that the throwing of the piece of rock which caused the injury was due to the negligence of the workmen who discharged the blast, in failing to blanket or cover properly, upon the side toward the lot where the plaintiff then was, the rock which was blasted.

It appears from the finding that evidence was offered by the plaintiff to prove that the defendant had a contract with the Stonington Building Company to erect upon its land the mill addition described in the complaint; that the defendant at once placed one O'Neil in charge of the work of excavating for the foundation; that while this was going on the workmen engaged on the work blasted a large boulder, covering it upon the sides toward the mill and some adjacent houses with ties and bags but leaving it partially uncovered on the side toward the vacant lot in which the plaintiff and other children were at play; and that the plaintiff was struck by a piece of the stone so blasted. He also offered evidence to prove that the contract between the defendant and O'Neil contemplated the blasting of any rock more than two cubic yards in size encountered in the work of excavation.

The defendant, against the plaintiff's objection, was permitted to offer evidence to prove that it sublet to O'Neil the erection of the foundation of the mill addition according to the plans and specifications therefor contained in its contract with the Stonington Building Company; that the contract with O'Neil provided that he should take entire charge of the work of excavating for and constructing the foundation, and select and employ his own workmen, and have charge of the whole work, and be responsible therefor; that he was a competent and skilful contractor engaged in this kind of work; that the blasting of rock encountered in the work was not calculated or likely, in the ordinary course, to expose either the persons or property of the public, or any one in the neighborhood, to any unusual peril or liability to injury, providing it was done in an ordinarily skilful and competent manner; and that due warning was given of the blast which caused the plaintiff's injury.

The court's action in admitting the evidence tending to show that O'Neil was an independent contractor, and in submitting to the jury the determination of the question whether he was such, are assigned as errors in the plaintiff's reasons of appeal. The pleadings raise the question whether the plaintiff's injury was caused by the negligence of the defendant's servants. If O'Neil was an independent contractor doing this work, his workmen were not servants of the defendant. Evidence showing that he was an independent contractor tended directly to disprove one of the plaintiff's allegations which was in issue. The evidence was therefore admissible under a denial of such allegations. *Alpert* v. *Bright,* 74 Conn. 614, 615, 51 Atl. 521; *Robbins* v. *Harvey,* 5 Conn. 335, 346; *Munson* v. *Mallory,* 36 Conn. 165, 172. It was proper to admit the evidence, and to leave it to the jury to determine whether

O'Neil was doing the work as an independent contractor.

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." 2 Cooley on Torts (3d Ed.) 1098; *Powell* v. *Construction Co.*, 88 Tenn. 692, 13 S. W. 691; *Humpton* v. *Unterkircher*, 97 Iowa 509, 66 N. W. 776. The court instructed the jury, in effect, that if the defendant entrusted the execution of the work by contract to a skilled and competent contractor, the latter exercising an independent employment, doing a specific work for a specified sum, selecting and employing and having the immediate control over the workmen engaged in the work, and having charge and control over the entire work, and being held responsible therefor, and, through the carelessness and negligence of such contractor or his workmen in the performance of the work, the plaintiff was injured, the defendant would not be liable. This is assigned for error, upon the ground that it does not differentiate between the right to control, and actual control and interference by the defendant. As was held in *Norwalk Gaslight Co.* v. *Norwalk*, 63 Conn. 495, 525, 28 Atl. 32, it is the right on the part of the contractee to control the method of conducting the work, and not his actual interference, which makes the difference between an independent contractor and a servant or agent. The finding shows no question raised by the plaintiff upon the evidence, or in the request to charge, that if O'Neil was an independent contractor for this work the defendant interfered in the method of doing it so as to render itself liable to the plaintiff. The claim was that O'Neil was not an independent contractor, and that, if he was, the work which he was called upon to per-

form under his contract was inherently dangerous to others, and the independent contract did not shield the defendant from liability. Under the claims of the parties the court was not called upon to state the effect of such interference on the part of the defendant if O'Neil was an independent contractor. It was only necessary to give a charge adapted to the facts and claims in the case. To excuse the defendant from liability under the charge given, the jury must have found that under the contract between the defendant and O'Neil, which was by parol, the latter was employed to do, independently or without subordination to the defendant, the work in question, and that he was to have the selection and control of the workmen and other agencies employed, and to have control over the whole work, and be responsible to the defendant only for the result. If they found this to be the contract, it excluded the right of the defendant to control the work, and, under the authorities cited above, made O'Neil an independent contractor. In view of the claims made in the case, we think the charge upon this point was sufficient.

The plaintiff claimed that the work of excavating for the foundation required the removal of rock by blasting; that such blasting is ordinarily done, and was done in this case, by the use of dynamite; that such blasting is intrinsically dangerous and likely to cause injury to others however carefully done. The court instructed the jury that the operation of blasting with dynamite is intrinsically dangerous, and that it was a question for them whether, under all the evidence in the case, the work contracted to be done, in its nature and reasonable execution, called for the use of such an intrinsically dangerous agency and means as would obviously have exposed the plaintiff to probable injury therefrom; that, stated in another way, when the

work to be done is in itself a nuisance, that is, dangerous to life or health in and of itself, then all the parties engaged in it or contracting to do it are responsible for its results, and that the question usually is whether the situation is such that mischief will probably ensue to others no matter how carefully the work of blasting is done, and if it is, both the contractor and the contractee are responsible for damages which ensue, but if it is not, then the contractee is not liable for such damages. The plaintiff in several of his reasons of appeal complains of different parts of this portion of the charge. But it is to be considered as a whole, and, so considered, it conforms to the rule which has been adopted in this State by the decisions above referred to.

The general rule is that the contractee is not liable for injuries caused by an independent contractor. But he is liable where the work which is contracted to be done, when duly performed, necessarily causes injury to the person or property of another. He is also liable when he employs a contractor to do work which in its ordinary and reasonable execution calls for the use of such means and agencies as will obviously expose the person or property of others to probable injury, and injury results when the work is being properly performed. *Lawrence* v. *Shipman*, 39 Conn. 586; *Norwalk Gaslight Co.* v. *Norwalk*, 63 Conn. 495, 525, 28 Atl. 32; *Wilmot* v. *McPadden*, 78 Conn. 276, 282, 61 Atl. 1069. In neither of the exceptions to the rule which have been stated, is the contractee made liable because of the negligent performance of the work by the independent contractor or his workmen. He is liable because he caused something to be done which, when properly done, he knows or ought to know will cause, or probably will cause, the injury complained of. If it results in another's injury, as he ought to have expected it would, he is held liable. He is not liable for injuries caused

by the contractor's negligence in performing the work contracted for where its reasonable performance will not necessarily or obviously expose others to probable injury, but where it will so expose others to such injuries he cannot escape liability therefor although the injuries are caused in the proper performance of the work. The charge complained of told the jury that if the work in question in its natural and reasonable execution called for the use of such agency or means as would obviously have exposed the plaintiff to probable injury, the defendant would be liable for the results. In this the plaintiff has no substantial ground of complaint.

The court, at the request of the defendant, instructed the jury that "if the independent contractor . . . did not use such care as the defendant had the right to expect, and by reason of the lack of such care and not in the due and natural performance of the contract the injury occurred, the defendant is not responsible." The purpose of this instruction was to inform the jury that in case they should find, under the previous instructions, that the defendant would not be liable because the due performance of the work was not likely to endanger the plaintiff or others, the negligence of the contractor in not duly performing it would not render the defendant liable. This was the defendant's case. He claimed that, properly performed, the work did not expose the plaintiff to unusual danger. If the jury so found, the defendant was not liable, and it was proper to instruct them that the neglect of the contractor or his workmen to duly perform the contract did not change the defendant's situation. The jury could not have understood the charge, as the plaintiff's counsel interpret it, to mean that although the defendant would be liable if the contract had been duly performed, he would not be liable if it was negligently performed.

The plaintiff complains of the court's refusal to charge, as requested by him, that one who, in blasting on his own land, causes rocks to be thrown upon land of another, causing injury to persons or property, is liable for the injury inflicted, without proof of negligence on his part. The pleadings lay no foundation for this request. The tort alleged in the plaintiff's complaint is the negligence of the defendant's servants in discharging a blast on land of the Stonington Building Company without giving notice of the blast and without properly covering and protecting it. This gave the defendant no notice that the claim suggested in the request was to be made upon the trial. The request was properly refused.

The appeal upon the ground that the court refused to set aside the verdict and grant a new trial has not been seriously pressed, and is without merit.

There is no error.

In this opinion the other judges concurred.