RICHARD ENNIS *vs.* THE BAUMANN RUBBER COMPANY.

Third Judicial District, New Haven, January Term, 1917.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Where the plaintiff's right to recover damages for personal injury is made by the trial judge to turn upon the nature of the relation which existed between the parties, whether that of an independent

Ennis *v.* Baumann Rubber Co.

contractor and contractee, or that of master and servant, it is of prime importance that the test to be applied by the jury in the determination of that question should be correctly stated to them.

An "independent contractor" is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of his work.

In the present case the trial court instructed the jury that if the contract to sink a well on the defendant's premises contained an undertaking upon the defendant's part to furnish the tools, appliances and materials for the work, that fact would suffice to establish the relation of master and servant between the parties. *Held* that this instruction was erroneous, in that it ignored the vital and controlling factor of the defendant's right, or lack of right, to control the methods of work, and made a comparatively immaterial incident conclusive.

The complaint in the present case alleged an agreement between the parties wherein the plaintiff undertook to sink a well upon the defendant's premises for a stated price per foot, the defendant to supply the necessary tools, materials and appliances, and also that the plaintiff sustained personal injury through the fault of the defendant in furnishing a defective hoisting apparatus. *Held* that these allegations pointed to a purely contractual obligation and a breach of one of the contract provisions, rather than to the existence of the ordinary relation of master and servant with the breach of legal duty incident to that relation.

Argued January 18th—decided February 21st, 1917.

ACTION to recover damages for personal injuries, brought to the Superior Court in New Haven County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendant. *Error and new trial ordered.*

The complaint alleges, and both parties agree, that the plaintiff, not in the defendant's regular employment, orally agreed with the defendant to sink a well upon the latter's premises for an agreed price per foot, and that while he was engaged in performing the work according to the agreement he was injured by the breaking and fall of a hoisting apparatus set up for his use and which he was at the time using.

The plaintiff alleged and offered evidence to prove

that the agreement entered into contained an undertaking on the part of the defendant to furnish all the tools, apparatus and materials which should be needed in the execution of the work; that the apparatus which broke and fell was so furnished by the defendant; that it was set in place for the plaintiff's use under the direction of the defendant's servants and agents; and that it was defective, as the defendant well knew, or ought to have known.

The defendant admitted that it agreed to supply all pipe, pipe couplings and pipe points needed, but denied that it undertook to furnish the tools which the plaintiff might require for the performance of the work. Its testimony was to the effect that the plaintiff was to provide his own assistants and tools, and did so until the emergency arose which required the use of some more efficient apparatus than he possessed, and that he was not subject in any way to its control or direction in the prosecution of the work.

The emergency referred to arose because of the failure of the plaintiff's first attempt to reach water and the decision arrived at, for that reason, to withdraw the pipe already driven. The conflicting testimony concerning the ownership of the hoisting apparatus procured and used, the circumstances surrounding its procurement, installation and use, and the incidents attending the accident, need not be recited.

*Frank S. Bishop,* for the appellant (defendant).

*Charles S. Hamilton,* with whom was *Edward P. O. Meara,* for the appellee (plaintiff).

PRENTICE, C. J. The court instructed the jury that the first question for its decision was whether the relation existing between the plaintiff and defendant

at the time that the former's injuries were sustained, was that of master and servant, or that of independent contractor and contractee, and furnished them a test to be applied in reaching its answer. Having done this, it proceeded to state that if it should be found that the plaintiff occupied the position of an independent contractor, a verdict against him must be returned, since the law would not permit him to recover. This aspect of the case having been disposed of, the court turned to a consideration of the rights, duties and liabilities of the parties in the event that the relation of master and servant was found to exist between them, and instructed them at length upon that subject. As a verdict for the plaintiff was rendered, it follows that the jury must have found that the relation between the parties was that of master and servant, and that recovery was had upon the basis of the existence of that relation. Such being the situation, it was of prime importance that the test supplied by the court for the determination of the relation that the parties bore to each other be the correct one.

The jury was told that if the agreement for the digging of the well was, as the plaintiff claimed it to have been, that he should simply do the work and that the defendant should furnish all the tools, appliances and materials, the relation of master and servant was created. This instruction was supplemented by further statements to the same effect, so that the jury was clearly informed that if the contract to sink the well contained an undertaking on the part of the defendant to furnish the tools, appliances and materials required for the work, that fact would suffice to convert it into one of employment, and the relation of the parties under it into that of master and servant. This was erroneous, in that the vital and controlling factor of the defendant's right of control, or the lack of it, was ignored, and a

comparatively immaterial incident made conclusive. "An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." *Alexander* v. *Sherman's Sons Co.*, 86 Conn. 292, 297, 85 Atl. 514; *Norwalk Gas Light Co.* v. *Norwalk*, 63 Conn. 425, 495, 524, 28 Atl. 32; *Corbin* v. *American Mills*, 27 Conn. 274, 280. The importance of this instruction, under the conditions presented by the case, and its harmfulness to the defendant, are apparent.

The reasons of appeal challenge the correctness and sufficiency of the charge in several other respects. It will serve no useful purpose to examine the criticisms thus made, save perhaps in one particular. The charge throughout assumes that the complaint was sufficient to sustain a recovery for the defendant's breach of duty as master, and the jury was instructed that it was competent for it to render a verdict for the plaintiff if it should find that the relation of master and servant existed. We are unable to so interpret the complaint. It is apparent that it was drawn upon the theory that the relation between the parties was that of independent contractor and contractee, and that the breach of duty relied upon was the defendant's provision, under its agreement, of appliances which it knew or ought to have known were defective, and their negligently improper preparation for the plaintiff's use by the defendant, its agents and servants. It contains no suggestion that the plaintiff was in the employ of the defendant as its servant. The only allegations touching the relation which the parties bore to each other, are that the plaintiff entered into an agreement with the defendant to sink a well for a certain agreed price per foot, that this agreement embodied an undertaking on

the part of the latter to supply the necessary tools, appliances and materials, and that the plaintiff was injured while engaged in the execution of that work pursuant to the agreement, through the defendant's fault in supplying an unfit appliance. These allegations point to a purely contractual relation and a breach of a provision of the contract, rather than to the existence of the relation of ordinary employment with the breach of legal duty incident to it. That the plaintiff's counsel so construed his complaint, appears from his presentation of his case as disclosed in the finding of facts and his requests to charge.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.