MATTEO MORGANELLI *vs.* THE CITY OF DERBY ET AL.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

When an injured employee dies pending his claim for an award, subsequent proceedings on behalf of his estate should be conducted in the name of his executor or administrator and not under the title of his estate.

After a compensation commissioner has filed an informal finding of facts, it is clearly within his power to reopen the proceedings and receive further evidence before making his award.

A commissioner's finding cannot be corrected unless he has found facts without evidence or has refused to find admitted or undisputed facts.

A claimant for compensation has the burden of proving that he is an "employee" within the meaning of Chapter 142 of the Public Acts of 1919; and whether he is or not presents, upon the facts found, a question of law reviewable upon appeal.

One is an employee if the employer has the right to direct what shall be done and when and how it shall be done, i.e., the right to general control. In applying this test it is immaterial whether the employer in fact exercised his right.

An independent contractor is one who engages to do a certain piece of work according to his own methods and without subjection to the control of his employer except as to the result.

After frequent requests by the plaintiff's intestate that the defendant city repair a cement wall adjoining the sidewalk in

front of his home, he was instructed to do the work himself and send his bills to the city. Although not a regular contractor, he was familiar with this kind of work; and with his own and some borrowed tools, and the assistance of two helpers hired and compensated by him, he proceeded to make the necessary repairs, using a quantity of sand and cement which he purchased and paid for. As had been his practice on jobs for other employers, he billed the city for the material and helpers at their exact cost to him and for his own labor at the rate of $1 per hour; and the city paid the bill. During the course of the work, in which he sustained an injury that eventually caused his death, none of the city officials gave him any directions or exercised any supervision over him. *Held* that he was in no sense an independent contractor but, with respect to his own labor, an employee of the city, and with respect to the help hired and the material purchased by him, its agent.

Argued October 27th, 1926--decided January 28th, 1927.

APPEAL by the defendant from a finding and award of the compensation commissioner for the fifth district in favor of the plaintiff, taken to the Superior Court in New Haven County and tried to the court, *Dickenson, J.;* judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *No error.*

*Harold K. Watrous,* for the appellants (defendants).

*Harold E. Drew,* for the appellee (plaintiff).

CURTIS, J. The record discloses that proceedings for the recovery of compensation were begun by Matteo Morganelli in his lifetime, and that before the commissioner made his finding and award Morganelli died. The commissioner correctly held that all compensation accrued and matured during his lifetime would belong to his estate; he therefore entitled all the proceedings as those of the Estate of Matteo Morganelli. The record does not disclose the name of the administrator. See *Bassett* v. *Stratford Lumber Co., ante,* p. 297, 135 Atl. 574.

Morganelli *v.* Derby.

The estate of Matteo Morganelli under that title, is not a proper party to an action; an administrator or executor of Morganelli is the only proper party. The substitution of the proper party may be made on motion before the commissioner or in the Superior Court. This informality has not given rise to any rulings or grounds of appeal.

The commissioner made the award as follows: "I find that Morganelli is entitled to be paid compensation at the rate of $18 a week, the customary wage for this labor being more than $36 a week, from the date of his injury above given to the date of his death, and it is so ordered and awarded."

The commissioner also said: "It was understood and found at the hearing that in the event of an award being made against the respondents, a supplemental hearing would be necessary for the purpose of fixing the value of physician's services and of Morganelli's expenditures."

The confirmation of the award by the Superior Court therefore requires a supplemental hearing before the commissioner to meet the requirements above indicated to make the award sufficient in form and substance, unless we hold that an award to the representative of Morganelli is invalid for other reasons of appeal.

Turning to the respondents' reasons of appeal, there are one or two reasons in the nature of formal objections, which should be disposed of at the outset. The commissioner held a more or less informal hearing on April 25th, 1924, after which the commissioner filed an informal finding of facts. The plaintiff thereupon moved before the commissioner to submit additional evidence because he believed that Morganelli, from his imperfect familiarity with English, had failed to convey his real claims to the commissioner; the respondents objected to this procedure, and upon the

overruling of the objection duly excepted. The commissioner thereupon, on September 15th, 1925, after due notice, held a further hearing at which both parties introduced further evidence. This action of the commissioner, over the objection of defendants, is made a reason of appeal. The commissioner had jurisdiction and power, before he made his award, to open the proceedings and take further evidence, as clearly appears from our ruling in *Thompson* v. *Towle,* 98 Conn. 738, 741, 742, 120 Atl. 503. The commissioner, therefore, properly made his finding and award from all the evidence taken at both hearings.

There are reasons of appeal based upon the refusal of the commissioner to correct his finding; these reasons are not tenable, because it does not appear that he found any fact without evidence or refused to find any admitted or undisputed fact. Further, no such grounds for the correction of the finding are stated in the motion. *DeFeo* v. *Hindinger,* 98 Conn. 578, 120 Atl. 314.

The finding discloses the following facts: Claimant was an Italian, and, at the time of the original hearing, about fifty-eight years of age, fairly intelligent, speaking English brokenly, and unable to read or write. He owned the premises where he lived; was a widower, living on the ground floor of his house; and a married daughter and her husband lived upstairs. In front of the premises there had been a bank wall which supported the sidewalk. Some years prior to the events herein described, a former administration of the city of Derby had cut down a tree and had taken it away from in front of these premises. This had caused the wall to partly fall down and caused the sidewalk to become and remain out of repair. This condition had existed for a considerable period of time; had been the cause of frequent interviews between Morganelli,

Morganelli *v.* Derby.

members of his family and various persons connected with the city government of Derby. Complaints had frequently been made by the Morganelli family to city officials, and more or less friction had developed. On or about Sunday, November 4th, pursuant to proceedings at a meeting of the mayor and common council of the city of Derby, an interview was had with Morganelli and verbal instructions were given him personally and through members of his family for him, by representatives of the city, to the effect that he was to fix up the sidewalk, send a bill to the city and it would pay the same. Morganelli was a man familiar with plastering and having some plasterer's tools. He was also familiar with concrete and cement work. He was not at any time a contractor in the ordinary sense of the word. He could not keep written accounts. The tools which he used on this sidewalk, except such tools as are ordinarily used in plastering, were tools which he borrowed from a neighbor. When in the course of any job which Morganelli did, he had one or two helpers, he charged whoever hired him what he actually paid his workmen making no commission on them. When he furnished any supplies, he charged what he actually paid for them making no commission on them. In this particular case at bar, he purchased two loads of gravel and sand and charged therefor less than he paid. He purchased thirteen bags of cement, which he billed to the city at the precise amount which he paid for the same. He had two men working with him, each of whom worked fourteen hours; he charged the city of Derby the exact amount paid by him to them. Morganelli himself charged $1 an hour for his fourteen hours of time and was paid that sum by the city. The entire bill as rendered to the city of Derby by the claimant was paid him. No official of the city of Derby actually undertook to, or did, give

any direction to Morganelli as to how this work was to be done, or actually exercised any supervision over the job. By the charter of the city of Derby, in all ordinary sidewalk repairs, the owner of the property abutting on the sidewalk is assessed for a percentage of the amount and the city pays the balance. This was not done in this case, for the reason that officials of the city of Derby knew that the sidewalk was out of repair by reason of the act of former officials of the city, and that it would be unjust and inequitable to make any assessment against the owner of the property.

When Morganelli had nearly finished his work on the afternoon of November 11th, 1923, he injured his right hand, in the course of and arising out of this employment, and as a result of this injury was unable thereafter to do anything during his lifetime. The job has never been fully completed. Upon this state of facts the claimant claims that he was an employee of the city of Derby and sustained an injury arising out of and in the course of his employment as such employee. The respondents claim that he was an independent contractor, and that as such he was not entitled to any compensation. The commissioner found and held that Morganelli was in no sense of the word an independent contractor, but was an employee of the city as to his own work, and the agent of the city in purchasing the supplies and hiring the assistance which he did purchase and hire. Hence he found that on November 11th, 1923, a contract of employment existed and had existed for less than two weeks between the city of Derby and Morganelli, and both parties to the contract were subject to the provisions of the Workmen's Compensation law of Connecticut, and that the Aetna Life Insurance Company, as insurer of the city of Derby, had insured its

liabilities under the compensation law and is liable herein.

The holding by the commissioner that at the time of the injury to Morganelli he was an employee of the city and entitled to compensation is claimed by the respondents to be erroneous as not supported by the subordinate facts found. This presents a claim of law. *Aisenberg* v. *Adams Co., Inc.,* 95 Conn. 419, 111 Atl. 591. As we say in that case (p. 420), General Statutes, § 5388, as amended by Chapter 142 of the Public Acts of 1919, provides that " 'employee' shall mean any person who has entered into or works under any contract of service or apprenticeship with an employer." The burden of proof is upon the claimant to prove that he is an employee, to entitle him to recover compensation.

The following cases, *Kinsman* v. *Hartford Courant Co.,* 94 Conn. 156, 108 Atl. 562, *Thompson* v. *Twiss,* 94 Conn. 444, 97 Atl. 328, and *Alexander* v. *Sherman Sons Co.,* 86 Conn. 292, 85 Atl. 514, establish the test under our law to determine whether one rendering service to another is an employee or an independent contractor, to be, "had the employer the 'right to direct what shall be done and when and how it shall be done; . . . the right to the general control.' " *Aisenberg* v. *Adams Co., Inc., supra,* p. 421.

It is not the test whether the employer did this work; as the commissioner well said in his memorandum: "It is not the actual control or direction of a particular job which is necessarily decisive as to the question of whether a particular workman at a particular time is an employee or an independent contractor. It is rather whether the person bound to pay for the work has a right to give directions."

Morganelli was a workman not ordinarily engaged in contract work; where the contract with such a per-

son is to produce a given result, as in the case of an independent contractor, we would expect the contract to specifically so state. In an informal parol direction to a workman to do a simple piece of work which did not require supervision, it would be a forced construction to hold that such a direction implied that the workman so directed became an independent contractor and not an employee. The employment in this case did not involve any profit on the part of Morganelli on the work done by others on the job, or upon the goods purchased by him and used on the job. The whole situation, as presented by the facts found, implies an employment of Morganelli to do what the city directed him to do and in the way the city directed it to be done, and not a contract to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work.

In *Powell* v. *Virginia Construction Co.*, 88 Tenn. 692, 697, 13 S. W. 691, Mr. Justice Lurton, later of the United States Supreme Court, thus defines an independent contractor: "An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." We approved of this definition in *Alexander* v. *Sherman's Sons Co.*, 86 Conn. 292, 297, 85 Atl. 514. The facts found could not reasonably be deemed to support a conclusion that Morganelli was so employed, as to constitute him an independent contractor.

The commissioner did not err in the conclusions that he reached.

There is no error; the Superior Court is directed to enter its order requiring the commissioner to cause to

be entered as a party plaintiff the executor or administrator of the estate and to confirm its award in favor of such representative and in a supplemental hearing to fix the value of the physician's services and the expenses incurred in this work by Morganelli, and make his award accordingly.

In this opinion the other judges concurred.