[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The revised amended complaint alleges, in three counts, breach of an oral agreement which was reduced to writing and entitled "Employment Agreement" ("Agreement"); breach of covenant of good faith and fair dealing; and a CUTPA violation. The defendant moved to strike the second and third counts on the ground that each count was legally insufficient.
In the second count of the complaint, the plaintiff alleges that the defendant's refusal to compensate him pursuant to the terms of the agreement, while continuing to profit from plaintiff's work, and its wrongful termination of the agreement constitutes a breach of the implied covenant of good faith and fair dealing. The defendant's position that, by alleging the existence of the Agreement between the parties, the plaintiff must be considered defendant's employee, cannot prevail.
There is no allegation in the complaint that an employer-employee relationship existed between the parties. Nor is the defendant fairly entitled to such an interpretation from the pleadings. The motion to strike tests the legal sufficiency of the complaint and admits all facts that are well pleaded but does not admit legal conclusions or opinions. Practice Book 152. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In ruling on the motion, the court must construe the facts most favorably to the pleader; Rowe v. Godou, 209 Conn. 273, 278 (1988); and must deny the motion when the allegations, if proven, would provide a cause of action. County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 585 (1985).
Although the plaintiff asserts in his memorandum in opposition to the motion to strike that he was an independent contractor, the complaint is silent as to his status. The Agreement, made an exhibit attached to the complaint, states no terms or conditions of employment or supervision of the plaintiff by the defendant nor does it describe any hours of employment.
 The legal incidents of the relation between an employer and an employee or independent CT Page 9123 contractor are well established. . . . "An independent contractor who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work."
Silverberg v. Great Southwestern Fire Ins. Co., 214 Conn. 632, 639
(1990), quoting Alexander v. R.A. Sherman's Sons Co., 86 Conn. 292,297 (1912).
Whether the plaintiff was defendant's employee or an independent contractor is not alleged and, therefore, cannot be said to be implied by the pleadings nor can the nature of the relationship between the parties be assumed in deciding a motion to strike.
"Every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238 (1992). See, also, Restatement (Second), Contracts #205 (1979). In Connecticut, claim for breach of the implied covenant of good faith and fair dealing in a contract between an employer and an at will employee has been allowed only where the employee was discharged in violation of public policy. See, Carbone v. Atlantic Richfield Co., 204 Conn. 460, 470-71 (1987); Magnan v. Anaconda Industries,193 Conn. 558, 569 (1984).
Since a trier of fact could find that the plaintiff was an independent contractor, the motion to strike the second count of the complaint must be denied.
The third count of the complaint alleges that the defendant's actions in breaching the Agreement constitute an unfair or deceptive act or practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA), Section 42-110a, et seq., General Statutes. The motion to strike this count is claimed on the ground that the allegations are legally insufficient because CUTPA does not apply to an employer-employee relationship. Again, the argument assumes the existence of a relationship not pleaded. See, Pagani v. Cigna Corporation, 7 Conn. L. Rptr. 199, 200 (August 4, 1992, Allen, J.) (motion to strike a CUTPA count denied where the plaintiff had pleaded that she was an independent contractor and CT Page 9124 the employer breached their agreement).
The motion to strike the third count is denied for the reasons discussed in ruling on the second count. Accordingly, it is unnecessary to consider other arguments raised in the defendant's memorandum of law in support of its motion.
The motion to strike is denied in its entirety.