[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs originally brought this action in mandamus seeking to have the court order the defendant to defend them under C.G.S. § 5-141 (d) in a negligence action brought against them known as Stanek, Administration vs. Hunte No. CV92 039288S Judicial District Ansonia/Milford (negligence action). They have on November 18, 1993 amended their complaint, seemingly, to seek a declaratory judgment under C.G.S. § 52-29. CT Page 11395
Facts
Alan and Dawne Hunte are, and continue to be, licensed foster parents under a license issued by the then Department of Children and Youth Services, which licensing period covered all times relevant to this Complaint, Lisa Sledgeski, a minor, (Lisa) was placed through the then Department of Children and Youth Services with the Huntes, as foster parents, under an Order of Temporary Custody.
On July 10, 1991 Lisa died by drowning in the swimming pool of the plaintiffs' home. Frederick D. Stanek, who has been appointed Administrator of her estate, has brought the negligence action under C.G.S. Section 52-555 against the Huntes alleging negligent supervision of Lisa which caused her death. That action is pending between the state and the plaintiffs. A difference of opinion as to statutory interpretation exists. The Huntes assert that they have an expectation of defense and indemnification, from the state through the Attorney General, under C.G.S. §§ 4-141, 4-165, and5-141d. On the other hand the state through the Attorney General, asserts that the plaintiffs are not employees but "independent contractors" who are not entitled to any defense or indemnification from the state, and, in fact, may be subject to action by the state to the extent the state claims injury as a result of the losses sustained by the state's ward, Lisa.
To date, the state has refused to provide plaintiffs with any defense in the action brought against them by the administrator for Lisa.
Law
Plaintiffs' claim under three statutes; C.G.S. §§ 4-141,4-165, 5-141d. The first is in chapter 53 Claims Against the State Act. In that act the definition of "state officers and employees" is "every person elected or appointed to or employed in any office, position or post in state government, whatever his title, classification or function and whether he serves with or without remuneration". C.G.S. § 4-141. Several other categories of persons have been specifically added to that definition. id. The additions do not include foster parents. CT Page 11396
There are at least five kinds of "officers and employees" under the statute; (1) elected officials who are paid; (2) paid appointed officials; (3) unpaid appointed officials; (4) full and part-time paid employees, and (5) full and part-time unpaid employees.
Clearly plaintiffs do not fall into categories (1), (2), (3) and (4). Thus they must fit under number (5), if at all. That is they must prove that they are unpaid employees.
In commercial settings the right to immediate control over the work to be done determines whether a worker is an employee or an independent contractor. Alexander v Sherman'sSons Co. 86 Conn. 292, 297. "The decisive test is who has the right to direct what shall be done and when and how it shall be done? Who has the right of general control?" Thompson vTwiss 90 Conn. 444, 447.
As in Spring v Constantine 168 Conn. 563, "this court must conclude that the immunity conferred and the liability assumed by the state under chapter 53 was not intended to extend to the acts and omissions" of a foster parent during the course of the social, emotional, educational, and parental relationship and over which the state has no right of control, id. 576.
Plaintiffs have not proven that they are employees.
The next statute under which they claim is C.G.S. § 4-165
which provides for immunity for state officers and employees for personal liability for damage or injury. This section is part of chapter 53 and the definitions found in § 4-141
control. Thus § 4-165 is of no help to plaintiffs.
Plaintiffs' last statutory claim is under C.G.S. § 5-141d. The state does have an obligation to "save harmless and indemnify any state officer or employee as defined in section4-141 . . ." C.G.S. § 5-141d (a) and (b). This fails to aid them because it also is controlled by the definitions of §4-141.
The plaintiffs are not covered by The State Personal Act, C.G.S. Chap 67. The definitions of an employee under that act is "Any person holding a position in state service subject to appointment by an appointing authority". C.G.S. CT Page 11397 § 5-196 (i). Under that chapter a "full-time employee" is "an employee holding a position normally requiring thirty-five hours or more a week". C.G.S. § 5-196 (1). There is no evidence that either plaintiff is required to do even one hour per week, see C.G.S. § 5-196 (q).
Under that act all appointments, except under § 5-198, "shall be made according to merit and fitness as ascertained by examinations given in accordance with this chapter." C.G.S. § 5-195. Plaintiffs are by statute neither in the classified service nor exempt from it. C.G.S. §§ 5-197 and 198.
Neither plaintiff is covered under The State Employees Retirement Act. C.G.S. Chap. 66. There is no evidence that plaintiff might be receiving the benefit of the federal social security program (42 U.S.C. § 301 et seq). C.G.S. § 5-154 (a). Nor is there evidence that the state collects any sums from either to pay the federal or state withholding tax.
In the retirement act an employee "means a person in state service, whether appointive or elective". C.G.S. § 5-154
(1). State service "is service with the state . . . for which a salary is paid" with nine (9) qualification none of which are applicable here. C.G.S. § 5-154 (m). Neither plaintiff receives a salary.
Relief is denied.
O'Neill, J.